**In re APF CO., et al.**

**No. 98–1596(PJW).**

United States Bankruptcy Court,
D. Delaware.

Oct. 5, 2001.

John Wm. Butler, Jr., J. Eric Ivester, J. Gregory St. Clair, Skadden, Arps, Slate, Meagher & Flom (Illinois), Chicago, IL, Gregg M. Galardi, Van C. Durrer, II, Skadden, Arps, Slate, Meagher & Flom LLP, Wilmington, DE, for the Plan Administrator.

Jeffrey C. Wisler, Connolly Bove Lodge & Hutz LLP, Wilmington, DE, Irving H. Picard, David N. Crapo, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, A Professional Corporation, New York City, Co–Counsel to 630 Third Avenue Associates.

PETER J. WALSH, Chief Judge.

Dear Counsel:

This is the Court's ruling on the Plan Administrator's Motion to Alter or Amend Order Overruling Plan Administrator's Objection to Secured Claim of 630 Third Avenue Associates. (Doc. # 3797). For the reasons briefly described below, I will deny the motion.

This dispute originated with the filing by the Plan Administrator of the second omnibus objection to claims (Doc. # 3127) in which it sought to disallow the secured claim of 630 Third Avenue Associates (the "Landlord") on the grounds of failure to properly effect a setoff. The Landlord's response (Doc. # 3329) took the position that by reason of the security deposit required by the terms of the lease between Health Partners, Inc. ("HPI"), one of the debtors in this case, and the Landlord, the Landlord was a secured creditor and pursuant to the terms of the confirmed plan the Landlord's claim was entitled to treatment as a "Miscellaneous Secured Claimholders"—affording it rights as a partially secured creditor. Following argument on the matter, I signed an order on October 26, 2000 overruling the Plan Administrator's objection.

In its second omnibus objection the Plan Administrator took the position that "[t]he only security claimed is based on setoff. But the Claimant did not seek the stay relief necessary to preserve a right to setoff." (Doc. # 3127 at 9). In the instant motion the Plan Administrator again asserts that "[t]he only basis for the Proof of Claim being partially secured was a purported right of setoff against the Debtors' Security Deposit." (Doc. # 3797 at 2). Both the Plan Administrator and the

Landlord in their latest pleadings spend considerable effort discussing the nuances of setoff rights. In my view, the setoff issue misses the point.

So far as I can tell, the only basis for addressing this issue in terms of a setoff is the fact that the official form for a proof of claim, which the Landlord used to timely file its proof of claim, has boxes to check off to assert the nature of the claim and with respect to a secured claim, the box reads "Check this box if your claim is secured by collateral (including a right of setoff)." There is nothing in the attachments to the Landlord's proof of claim to suggest that the Landlord was exercising a right of setoff and I do not believe it would be appropriate to impose on the Landlord the position that it is exercising a setoff right when the only choice it had in identifying its secured claim was to check the box on the form where there was also a reference to collateral as including a right of setoff.

The relevant sections of the Code make it clear that this is not a setoff situation. Section 553(a) states that "this title does not affect any right of a creditor to offset a mutual debt *owing by such creditor to the debtor* that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case." [Emphasis added.] Of course, § 362(a)(7) stays the exercise of a "setoff of any *debt owing to the debtor* that arose before the commencement of the case under this title against any claim against the debtor." [Emphasis added.] I do not believe that by any stretch of the imagination the security deposit held by the Landlord can be construed as a debt owing to HPI. The security deposit provision makes it very clear that the only time HPI has a claim to the security deposit is upon the expiration of the term of the lease and

absent any deficiencies in the Debtor's obligations to the Landlord under the lease. Obviously that event did not happen. Indeed, HPI breached the lease prepetition and confirmed that breach by rejecting the lease postpetition. Thus, at no point did the Landlord become a debtor with respect to HPI.

Since there is no setoff issue there is no need to seek relief from the stay and under the terms of the confirmed plan, the Landlord, as a partially secured creditor, is entitled to the benefit of the plan provision for the treatment of a Miscellaneous Secured Claimholder.

When one looks at this issue in the context of the cap on rent claims under § 502(b)(6) it is also clear that a security deposit is not viewed as an obligation owed to the debtor. The legislative history of § 502(b)(6) states that the landlord "will not be permitted to offset his actual damages against his security deposit and then claim for the balance under [§ 502(b)(6)]. Rather, his security deposit will be applied in satisfaction of the claim that is allowed under [§ 502(b)(6)]." H.R.Rep. No. 595, at 353–54 (1977); S.Rep. No. 989, at 63–64 (1978), U.S.Code Cong. & Admin.News 1978; pp. 5963, 5787.

Cases have uniformly held that security deposits held by the landlord or applied by the landlord after the termination of the lease will be deducted from that landlord's § 502(b)(6) claim. *See, e.g., In re Handy Andy Home Improvement Ctrs., Inc.,* 222 B.R. 571, 574–75 (Bankr.N.D.Ill.1998); *In re Blatstein,* No. 97–3739, 1997 WL 560119, at *16–17 (E.D.Pa. Aug.26, 1997); *In re Atlantic Container Corp.,* 133 B.R. 980, 989 (Bankr.N.D.Ill.1991) ("[T]his treatment of security deposits is consistent with the security deposit's traditional function. A landlord is a secured creditor to the extent of any security deposit it holds. As a secured or partially secured creditor,

the landlord must satisfy its claim against the lessee out of the security it holds before asserting a claim against the lessee's general assets.") This statutory scheme simply does not implicate §§ 553(a) or 362(a)(7).

My conclusion remains that the Landlord is a secured creditor entitled to the treatment provided for in Section 5.3 of the confirmed plan. Therefore, the Plan Administrator's motion to alter or amend the October 26, 2000 Order is denied.